CHIASSON, Judge.
Defendant-appellant, Mohsen David Kashefi, appeals a change of custody determination of his two and one-half year old daughter back to the child’s mother, Linda Howell Kashefi, plaintiff-appellee.
The parties were legally separated in February of 1979, with custody of the minor child being placed with the mother. In October of 1979, the trial court changed custody of the minor to the father based on the mother’s open relationship with a graduate student. A final divorce was granted on January 29, 1980 and Mrs. Kashefi married her paramour four days later.
On February 12, 1980, the mother petitioned for and later obtained the permanent care and custody of her daughter. That judgment is now before us in this appeal.
Appellant’s argument on appeal focuses on whether the trial court erred in changing custody without first finding that the circumstances in which the minor child was presently living was deleterious to her best interest. In addition, the appellant argues that the mere fact of appellee’s marriage is insufficient to provide a basis for the court’s actions.
The Supreme Court ease of Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), provides the guidelines for Trial Courts and Courts of Appeal in change of custody cases. In our situation the third and fourth principles announced in that case are the only two applicable. These principles read as follows:
“(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. ...”
“(4) Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof... . ”
Fulco, supra, p. 605.
The trial judge in his Reasons for Judgment stated:
“. . . The father, in the meantime, it seems to me from the evidence is really unable to act as father and mother both or as father and surrogate mother for this child. * * * The court is of the opinion that the father has done his very best, but that very best is not totally in the best interests of the child. * * * That best was not quite as good as the court now believes the mother and new husband can offer this child. Therefore in the interests of what it believes to be the best hope for this child’s present and future, custody is removed from the father and returned to the mother.. .. ” (TR p. 51 & 52).
The record reflects that Mr. Kashefi did his best while having custody of the child, but the lack of child rearing experience and of cooking skills hindered him. Since the trial judge made this determination, our only task is to see if he clearly abused his *220 discretion. Fulco, supra, and Schexnayder v. Schexnayder, 371 So.2d 769 (La.1979). We believe he did not.
The fact Mrs. Kashefi married her paramour was not the sole reason that the judge awarded her the custody of her daughter. The court found she is now employed, she sought and obtained counseling, and she is better able to provide for the child. The argument of counsel for defendant that the case of Shanklin v. Shanklin, 376 So.2d 1036 (La.App. 1st Cir. 1979) controls has no merit, since in that case the mother’s recent marriage to her paramour was the sole reason for seeking custody back to the mother.
For these reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.